COURT OF APPEALS DI
2015 APR 27 AM 10: 35



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | NO. 71606-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ALFONZIA ALLEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: April 27, 2015 |
| | ) | |

LAU, J. — Alfonzia Allen pleaded not guilty by reason of insanity to assault in the second degree. He appeals the trial court's order denying him credit against his term of civil commitment for time spent in jail before his commitment. After Allen filed this appeal, he completed his term of commitment and was unconditionally released into the community. Because no issues of continuing and substantial public interest are implicated, we dismiss this appeal as moot.

## FACTS

On June 1, 2005, Alfonzia Allen pleaded not guilty by reason of insanity to assault in the second degree. The trial court ordered him committed to Western State Hospital for medical treatment pursuant to chapter 10.77 RCW. Approximately two

years before his release date,[1] Allen filed a motion for immediate release arguing that due process and equal protection under the state and federal constitutions entitled him to precommitment credit for time served in jail against his ten year term of civil commitment. The trial court denied the motion. Allen appealed.

## ANALYSIS

The parties agree that this issue is moot because in March 2015, Allen completed his term of commitment and was unconditionally released into the community. But Allen argues that we should consider his appeal as a matter of substantial public interest. We disagree.

A case is moot "when it involves only abstract propositions or questions, the substantial questions in the trial court no longer exist, or a court can no longer provide effective relief." Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005). The issue of mootness "is directed at the jurisdiction of the court." Citizens for Financially Responsible Gov't v. City of Spokane, 99 Wn.2d 339, 350, 662 P.2d 845 (1983). Consequently, the issue of mootness may be raised at any time. Citizens, 99 Wn.2d at 350. "As a general rule, we will not review a question that has become moot." Citizens, 99 Wn.2d at 350.

In rare instances, however, we may exercise our discretion and address a moot issue where "matters of continuing and substantial public interest are involved." Sorensen v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). We consider three factors to determine whether a moot issue warrants review: "(1) whether the issue is of a public or private nature, (2) whether an authoritative determination is desirable to

---

[1] Western State Hospital calculated Allen's release date as March 8, 2015.

71606-9-I/3

provide future guidance to public officers, and (3) whether the issue is likely to recur."

State v. Veazie, 123 Wn. App. 392, 397, 98 P.3d 100 (2004).

Allen's appeal does not satisfy any of the three factors required to justify reviewing it under the public interest exception. His appeal is more private than public, dealing with fact specific determinations made in his case only. Although it's possible that these issues will recur, the current statutes, and well established constitutional case law, appear to give sufficient guidance to public officers. Because the case is moot and presents no issues of substantial public interest, we dismiss the appeal.

WE CONCUR: